IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA REAL, | No. C 08-5279 CW |
|     Plaintiff, | |
|   v. | ORDER GRANTING MOTIONS TO DISMISS |
| BANK OF AMERICA; OFFICE OF THE COMPTROLLER OF CURRENCY, | |
|     Defendants. | |

FIA Card Services, N.A.[1] and Defendant United States Office of the Comptroller of the Currency move separately to dismiss Plaintiff Angela Real's complaint.  Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered all of the papers submitted by the parties, the Court grants the motions and dismisses the complaint with prejudice.[2]

---

[1] FIA represents that it is the successor in interest to Bank of America, N.A., the named Defendant.

[2] Because the arguments raised by FIA apply to Plaintiff's claims against Bank of America, the Court dismisses those claims. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.")

BACKGROUND

According to the complaint, Plaintiff applied for and received three credit cards from Bank of America. Plaintiff alleges that Bank of America enrolled her in a "cardholder security protection plan" without her consent and charged her the corresponding fee, but then failed to cover the minimum payment on the cards as it was required to do under the plan. As a consequence, Plaintiff incurred late fees and other charges, including unreasonably high finance charges. Bank of America also allegedly failed to disclose certain unspecified terms and conditions applicable to Plaintiff's accounts. In addition to these principal allegations of unlawful conduct on Bank of America's part, the complaint alleges various shortcomings in Bank of America's customer service.

Plaintiff maintains that she contacted the Office of the Comptroller of the Currency to complain about Bank of America's practices, but the agency refused to investigate.

In April, 2008, Plaintiff sued Bank of America in the Small Claims Division of the San Mateo County Superior Court. The complaint in that action, like the complaint here, alleges that Bank of America unlawfully enrolled Plaintiff in the protection plan and then failed to abide by its terms. FIA's Req. for Judicial Notice Ex. A.[3] The previous complaint also alleges that Bank of America failed to disclose the terms and conditions of Plaintiff's accounts. Id. The court entered judgment in Bank of America's favor in July, 2008. Id. Ex. B.

Plaintiff now charges Bank of America with violating the

---

[3] FIA's request that the Court take judicial notice of the complaint and judgment in the state court case is granted.

2

federal Truth in Lending Act and with violating unspecified Federal Deposit Insurance Corporation (FDIC) regulations. Although the Office of the Comptroller of the Currency is named as a Defendant, Plaintiff does not specify a legal basis for any claim against the agency.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to a consideration of the allegations in the pleadings, the court may also consider matters of which judicial notice may be taken. Doing so does not convert the motion into one for summary judgment. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 1993).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

United States District Court
For the Northern District of California

DISCUSSION

I.   Claims Against Bank of America

FIA argues that Plaintiff's claims against Bank of America are precluded by the doctrine of res judicata.  This doctrine, also known as claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.  W. Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).  The purpose of res judicata is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Res judicata operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties."  W. Radio, 123 F.3d at 1192 (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)).

It is clear that, with respect to Plaintiff and Bank of America, there is identity between the parties in this case and in Plaintiff's state court action.  It is also clear that the state court action resulted in a final judgment on the merits.  The only question is whether there is an identity of claims between the two cases.  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (quoting Frank v. United Airlines, Inc., 216

4

1 F.3d 845, 851 (9th Cir. 2000)) (internal quotation marks omitted).
2 To the extent the complaint in this action is based on events that
3 took place before the state court judgment issued, the claims in
4 the two cases arise from the same transactional nucleus of facts.
5 Both actions center on allegedly unlawful charges and fees
6 resulting from Bank of America's failure to adhere to the terms of
7 the protection plan in which it enrolled Plaintiff without her
8 permission.  In addition, Plaintiff alleged in the previous action,
9 as she does here, that Bank of America failed to disclose certain
10 terms and conditions of her accounts.

11 The complaint in the present case does contain some
12 allegations that, while related to the claims in the previous
13 complaint, are not specifically set out therein.  Plaintiff does
14 not specify when the newly described wrongdoing occurred.  To the
15 extent it occurred before judgment was entered in the previous
16 case, the allegations constitute "grounds for recovery which could
17 have been asserted, whether they were or not, in a prior suit
18 between the same parties on the same cause of action," and thus any
19 claim based on them is precluded.  Owens, 244 F.3d at 714 (quoting
20 Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998)).  Even if
21 the additional allegations pertain to events that occurred after
22 judgment was entered in the previous case, they concern nothing
23 more than poor customer service and cannot serve as the basis for a
24 claim under the Truth in Lending Act or FDIC regulations.

25 Because any cognizable claim based on the allegations in the
26 complaint either was asserted or could have been asserted in
27 Plaintiff's previous action, her claims against Bank of America are
28 barred by res judicata.

5

II.  Claims Against The Office of the Comptroller of the Currency

Plaintiff has not identified any legal basis for a claim against the Office of the Comptroller of the Currency for its alleged failure to investigate her complaint adequately.  In addition, claims against an agency of the United States are presumptively barred by the doctrine of sovereign immunity, Rattlesnake Coal. v. EPA, 509 F.3d 1095, 1103 (9th Cir. 2007), and Plaintiff has not demonstrated that the United States has waived sovereign immunity with respect to any claim she asserts against the Office of the Comptroller of the Currency.

## CONCLUSION

For the foregoing reasons, the motions to dismiss (Docket Nos. 6 and 10) are GRANTED.  Because the only potentially cognizable claims based on the allegations in the complaint are precluded by the doctrine of res judicata, the complaint is dismissed with prejudice.  Plaintiff's request for "quick judicial review of unfair business practices" (Docket No. 26) is GRANTED to the extent it seeks adjudication of Plaintiff's claims, and is otherwise DENIED.  The clerk shall enter judgment and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 3/17/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

REAL et al,

        Plaintiff,

  v.

BANK OF AMERICA et al,

        Defendant.

Case Number: CV08-05279 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Angela Real
815 North Humboldt
#304
San Mateo, CA 94401

Dated: March 17, 2009

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk